TRAVIS WALL (SBN 191662)
Travis.Wall@kennedyslaw.com
ANGELA GIANG (SBN 314941)
Angela.Giang@kennedyslaw.com
KENNEDYS CMK LLP
455 Market St., Suite 1900
San Francisco, CA 94105
T: (415) 323-4487
F: (415) 323-4445

SHAIN WASSER (SBN 293706)
shain.wasser@kennedyslaw.com
KENNEDYS CMK LLP
915 Wilshire Blvd, Suite 700
Los Angeles, CA 90017
T: (213) 224-0742
F: (415) 323-4445

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTAK KARAPETYAN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:25-cv-6627<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332 AND 28 U.S.C. § 1441**<br><br>Complaint Filed: April 30, 2025<br>Trial Date: TBD |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant State Farm General Insurance Company ("State Farm"), by and through its counsel, Kennedys CMK LLP, hereby gives notice of removal of the above-entitled action from the Superior Court of California, County of Los Angeles, Case No. 25CHCV01504, to the United States District Court for the Central District of California, and further states as follows:

## STATEMENT OF JURISDICTION

1. The Court has original jurisdiction under 28 U.S.C. § 1332(a) based on diversity of citizenship, and removal is therefore proper under 28 U.S.C. § 1441(a), (b), as complete diversity exists between the parties and the matter in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(a), 1441(a), & 1446(b).

## VENUE

2. Plaintiff Artak Karapetyan ("Plaintiff") filed his Complaint in the Superior Court of California in and for the County of Los Angeles. Venue, therefore, is appropriate in the United States District for the Central District, Western Division. *See* 28 U.S.C. §§ 84(c)(2), 1391(b), 1441(a).

## THE STATE COURT ACTION

3. On April 30, 2025, Plaintiff filed his Complaint in the Superior Court of California, County of Los Angeles, having been assigned Civil Case No. 25CHCV01504, and captioned *Artak Karapetyan v. State Farm General Insurance Company.* (the "Complaint"). State Farm was served with the summons and complaint on June 20, 2025.

4. The Complaint concerns a coverage dispute under a homeowner policy issued by State Farm to Plaintiff, Policy No. 75-KJ-W455-4 (the "Policy"). (Complaint at ¶ 16).

5.      On or around February 5, 2024, Plaintiff alleges that he discovered water damage at his property located at 8916 Lev Avenue, Arleta, CA 91331 (the "Subject Property"). (Complaint at ¶¶ 16, 21).

6.      On or around February 6, 2024, Maze Restoration conducted a moisture reading and performed emergency mitigation services at the Subject Property. (Complaint at ¶ 22).

7.      On or around February 6, 2024, Plaintiff reported the damage to State Farm. (Complaint at ¶ 23). Thereafter, State Farm hired Servpro to inspect the Subject Property on State Farm's behalf. (Complaint at ¶ 24).

8.      On or around February 19, 2024, a Servpro representative inspected the property on behalf of State Farm to determine the required mitigation services. (Complaint at ¶ 25).

9.      Plaintiff alleges that State Farm issued various supplemental estimates but failed to pay or resolve the claim in a reasonable time. (Complaint at ¶ 26).

10.     Specifically, the Complaint alleges that State Farm accepted liability to replace missing roof shingles. (Complaint at ¶ 31). However, Plaintiff claims that he had to replace the entire roof as there were not any products on the market that matched. (Complaint at ¶¶ 27, 29, 30).

11.     Plaintiff alleges that all damages to the Subject Property is covered under the Policy since he promptly took action to notify and mitigate any and all damages caused by the water damage. (Complaint at ¶ 32).

12.     Plaintiff assert claims for breach of contract, bad faith denial of insurance claim and declaratory relief against State Farm. Plaintiff seeks, among other relief, general and compensatory damages, exemplary and punitive damages, costs of suit, attorney fees, and a declaration that Plaintiff is entitled to full coverage under the Policy.

//

//

//

## PAPERS FROM STATE COURT ACTION

13. As required by 28 U.S.C. § 1446(a), attached as **Exhibit A** is a true and correct copy of the Summons and Complaint against Defendant State Farm in the state court action, including all attachments, process and orders served on State Farm.

14. State Farm has not filed an answer or otherwise responded to the state court action. No proceedings have been had in Superior Court of California, County of Los Angeles, as to the Complaint.

## JOINDER

15. Except for Doe defendants, State Farm is the only named defendant in the action. Thus, all properly joined and served defendants have consented to removal. *See* U.S.C. § 1446(b)(2)(A).

## TIMELINESS OF REMOVAL

16. The summons and complaint were served on State Farm on June 20, 2025, State Farm removed the action on July 21, 2025. A party has 30 days from service of the summons and complaint to remove, and thus the removal is timely. *See* 28 U.S.C. § 1446(b)(1).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

17. **Defendant's citizenship.** At the time the Complaint was filed and at the time of removal, State Farm was and is a corporation organized under the laws of Illinois with its principal place of business in Illinois. Therefore, State Farm was and is a citizen of Illinois.

18. **Plaintiff's citizenship.** At the time the Complaint was filed and at the time of removal, Plaintiff Artak Karapetyan was and is a citizen of California. Plaintiff currently resides in Los Angeles County. (Complaint at ¶ 4). And State Farm is not aware of any information suggesting that Plaintiff is a citizen of Illinois.

19. Because Plaintiff and State Farm were and are citizens of different states both at the time the Complaint was filed and at the time of removal, complete diversity

exists for the purposes of establishing jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a), (b).

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

20. The Court has jurisdiction over this matter because the amount placed in controversy by Plaintiff's Complaint exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

21. Plaintiff's Complaint includes claims for breach of contract and insurance bad faith seeking compensatory damages, punitive damages, and attorney's fees with respect to the alleged breach of duty to compensate Plaintiffs pursuant to the subject homeowners insurance policy. On this basis alone, the amount in controversy for this action exceeds the $75,000 threshold.

22. Plaintiff further seeks a declaration from State Farm that Plaintiff is entitled to full coverage under the policy. The value of that claim for relief exceeds the $75,000 threshold. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

23. In addition, Plaintiff is seeking punitive damages related to their insurance bad faith claim. The value of that claim for relief exceeds the $75,000 threshold.

24. For each of the foregoing reasons (and collectively), the amount in controversy exceeds the jurisdictional threshold, exclusive of interests and costs.

## **NOTICE TO PLAINTIFFS AND THE STATE COURT**

25. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, written notice of such filling will be given by the undersigned to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of California for the County of Los Angeles.

1 | DATED:  July 21, 2025

KENNEDYS CMK LLP

By: */s/ Travis Wall*
TRAVIS WALL
SHAIN WASSER
ANGELA GIANG
Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY